IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ALAN DALE BARTLEY,                          )
     Plaintiff,                                )        Civil Action No. 7:16-cv-00224
                                               )
v.                                          )
                                               )        By: Elizabeth K. Dillon
E. WALK,                                    )            United States District Judge
     Defendant.                                )

**OPINION AND ORDER**

Plaintiff Alan Dale Bartley, a Virginia inmate proceeding *pro se*, filed this action

pursuant to 42 U.S.C. § 1983, alleging that defendant Walk either used excessive force on him

while he was experiencing an epileptic seizure or failed to intervene as others used excessive

force on him.  He also claims that Walk was deliberately indifferent to his need for medical care

and asserts a state law assault and battery claim against Walk.  Walk filed a motion for summary

judgment arguing, in part, that Bartley failed to exhaust available administrative remedies before

filing this action.

The court referred the matter to United States Magistrate Judge Pamela Meade Sargent

for an evidentiary hearing and a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B).  Judge Sargent conducted an evidentiary hearing on August 22, 2017, and filed a

report, finding that: (1) the undisputed evidence shows that Bartley did not exhaust his

administrative remedies prior to filing suit against Walk; (2) the undisputed evidence shows that

neither Walk, nor anyone else, used excessive force against Bartley on June 1, 2014; and (3) the

court should enter summary judgment in defendant Walk's favor.

Bartley filed a letter (Dkt. No. 30) that the court construes as an objection to the report.

Bartley objects to his case "being made to go forward" on the day of the evidentiary hearing

because he was prepared to address only the issues of exhaustion and availability of administrative remedies, not the merits of his claims.

In its order referring this matter to the magistrate judge, the court found that an evidentiary hearing was necessary to resolve the issue of whether administrative remedies were available to Bartley. Although the court referred the whole motion for summary judgment, which also addressed the merits of Bartley's claims, to the magistrate judge, the court can understand why Bartley was prepared to proceed only with the issues of exhaustion and availability of administrative remedies. Thus, the court will sustain Bartley's objection to any findings with regard to the merits of his excessive force claim.

However, even if Bartley was not prepared to discuss the merits of his case at the evidentiary hearing, he admits that he was prepared to address exhaustion and availability of administrative remedies. And he makes no objection to the magistrate judge's findings about his failure to exhaust.

Having reviewed the report and recommendation, the objection thereto, and pertinent portions of the record *de novo* in accordance with § 636(b)(1), the court agrees with the magistrate judge's recommendation that Walk's motion for summary judgment should be granted because Bartley failed to exhaust administrative remedies. In light of that finding, the court determines that the magistrate judge's findings as to the merits of Bartley's claims are moot. Accordingly, it is hereby ORDERED that:

1)      Bartley's objection (Dkt. No. 30) is SUSTAINED;

2)      The magistrate judge's report and recommendation (Dkt. No. 27) is ADOPTED in part and MOOTED in part;

3)      Walk's motion for summary judgment (Dkt. No. 15) is GRANTED;

4)      This action is STRICKEN from the active docket; and

5)      The Clerk shall send copies of this opinion and order to the parties.

Entered: September 25, 2017.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge